### Samuel C. Allen *versus* Luther Holton.

In the case of a deed of " all my right, title and interest in and unto the ferry called &c. and the boat which I built and now use in carrying on the ferry, and all the estate, land and buildings standing thereon as the same is now occupied and improved by me," with covenants of ownership, general warranty, &c. it was *held*, that the deed purported to convey merely such right, as the grantor had in the land, and that the covenants were qualified and limited by the grant.

The declarations of a person made while in possession of land and in view of it, that his possession was not adverse to the demandant's title, were *held* to be inadmissible in evidence against the tenant, who did not claim under such person.

If one of two disseisors in possession of land as tenants in common, abandons the land, the abandonment does not enure to the benefit of the disseisee, but the co-tenant holds the land against the disseisee in the same manner as if he had been a sole disseisor.

Where land is enclosed by a river, fence or road, and a disseisor occupies it as near to the river, fence or road as is convenient, reference being had to the nature and situation of the land, this may be, if such be the intention of the occupant, a possession of the whole lot, although there be a narrow strip by the river, fence or road not actually cultivated

Where the tenant fenced in a part of the demandant's land, for the purpose of protecting a crop on his own land, and cut a tree and some brushwood on the part thus fenced in, but without an intention to claim or occupy it or exclude the demandant from it, it was *held*, that the demandant, for the sake of his remedy, might elect to consider himself disseised.

WRIT of entry. The tenant pleaded the general issue, and gave a notice of defence, claiming title to a portion of the demanded premises, and disclaiming the residue. The demandant denied both grounds of defence.

At the trial, before *Morton* J., the demandant introduced various deeds to Elisha Hunt and a deed from Hunt's administrators to the demandant.

The tenant insisted, that Edward L., Asa, Henry, and Horace Tiffany, Luther Holton, father of the tenant, and the tenant himself, had had uninterrupted, adverse and exclusive occupation of the premises for more than thirty years ; and he introduced deeds from Edward L. to Henry and Horace Tiffany, from Henry and Horace to Luther Holton the father, and from the father to the tenant himself, and insisted that this so connected the title by disseisin as to make out his defence.

To establish these points the tenant offered, with other evidence, the deposition of Henry Tiffany. The demandant objected to the deposition, because the deed of Henry Tiffany

to Luther Holton was a warranty deed in the claim of title set up by the tenant, and so the witness was interested in the case. The tenant insisted that the deed only warranted what title and interest Henry had, and was therefore in effect but a quitclaim deed. The phraseology of the deed was as follows : I hereby give, grant, &c. " all my right, title and interest in and unto the ferry called and known by the name of Tiffany's ferry, and the boat which I built the last season and now use in carrying on the ferry ; and all the estate, land and buildings standing thereon, situate and being in Northfield, as the same is now occupied and improved by me," habendum &c. and I do covenant that I am the " lawful owner and possessor of the before-granted premises, &c. and have in me good right &c. to give, grant, &c. convey and confirm &c. the same," and I " do hereby covenant &c. the before-granted premises, with the appurtenances, unto him the said Luther Holton, his heirs and assigns forever, to warrant, secure and defend against the lawful claims and demands of any person or persons whatsoever." The judge admitted the deposition, reserving the objection for the consideration of the full Court.

There was evidence tending to show that Asa Tiffany, (with whom the tenant was not connected by documentary title,) before and till 1817, had the occupation and possession of the land in question, either as sole tenant, or as a tenant in common with Edward L. or Henry Tiffany ; and the demandant insisted, that the occupation by Asa was an interruption of the possession under which the tenant claimed. The jury were instructed, that if the occupation of Asa was as sole tenant, it would be such an interruption, but that if it was as a tenant in common with Edward L. or Henry, whose title the tenant had, t would not interrupt the possession, and that the possession of Edward L. and Henry while they held in common, might be connected with the tenant's possession, so as to make out the period of thirty years to bar the demandant's claim and title.

The demandant also offered evidence of the declarations of Asa Tiffany, while he was so in possession and in view of the demanded premises, that he occupied the same under an agreement with Elisha Hunt and not adversely to him ; but the

judge excluded evidence of all declarations of Asa 'γ ffany, except such as were made by him upon the land w ile he occupied it, and in relation to his own possession, and except for the purpose of contradicting his testimony.

A portion of the land claimed by the defendant was bounded on one side by the Connecticut River, and on the other side partly by an old ferry road not now much in use, and until 1832 there was no fence, except a row of brushwood, dividing it from the land admitted to be the demandant's. There was evidence tending to show that a strip of this portion, next the road, had never till recently been cultivated but had been covered with bushes ; and the same was true of a small strip on the bank of the river ; and the demandant contended that the tenant could not hold by possession these strips, ' it only so much land as had been actually occupied and in roved by him or those under whom he claimed. But the ju y were instructed, that this might depend on the intention of the occu pant, and that where land was enclosed by a fence, or river, or road, and there was an occupation of the land extending as near to the river, fence or road as was conver.ent, having reference to the nature and situation of the land, it might, if such were the intention of the occupant, be a legal possession of the whole lot, although there might be a narrow strip by the fence, river or road, not actually cultivated.

There was a small piece of land disclaimed, which lay next the part claimed, in a corner between the road and the river, and there was evidence tending to show that a slight temporary brush fence had been made for the purpose of protecting a crop upon the tenant's land ; so that in fact this piece was, by the fence, enclosed with the land of the tenant and separated from the other land of the demandant. This fence was made by persons in the employment of the tenant, in 1833, and has been repaired by them since for the same purpose for which it was originally erected ; and the demandant contended that this was proved to have been done with the consent and au- thority of the tenant. There was also evidence tending to show that the tenant, and those in his employment, had cut a tree and brushwood upon this piece, and one witness testified that he had expressed an intention to cultivate it    The tenant

contended that these facts, if proved, would not necessarily amount to a disseisin at the election of the plaintiff, and that the fence, in fact, was placed so as to include this piece, merely because it was more convenient, at the time, to place it there, than exactly upon the line, and without any intention of claiming the land. The demandant, on the contrary, insisted that these acts in themselves amounted to a disseisin, at the election of the owner. Upon this point the jury were instructed, that the cutting of a tree or two, or a little brushwood, and erecting a fence upon the land disclaimed, unless there was an intention to occupy or claim it, or exclude the owner from it, would not support the issue in this respect on the part of the demandant.

If either the admission or the exclusion of evidence before mentioned, or the foregoing instructions, were wrong, a new trial was to be granted ; otherwise judgment was to be entered on the verdict.

*Wells*, *Alvord* and *Davis*, for the demandant. The deed from Henry Tiffany was a warranty deed. The words " all my right, title and interest," refer to the ferry, or the ferry and boat, and not to the land. This view gives effect to all the parts of the deed, whereas a different construction renders all the covenants nugatory. The phraseology of the whole deed shows an intention to convey and warrant the land. *Wade* v. *Howard*, 11 Pick. 295 ; *Goodtitle* v. *Bailey*, Cowp. 597.

As the tenant claims by virtue of possession only, he must show a regular succession of titles connected with one another for thirty years. There was no privity between the possession of Asa and that of Henry Tiffany, and Asa's abandonment of the land enured to the benefit of the true owner ; so that at most the tenant can hold only an undivided moiety, which he derives from Henry. Angell on Limitations, 88 ; *Potts* v. *Gilbert*, 3 Wash. C. C. R. 475 ; *Ward* v. *Bartholomew*, 6 Pick. 415 ; *Jackson* v. *Leonard*, 9 Cowen, 654 ; *Brandt* v. *Ogden*, 1 Johns. R. 156 ; *Doe* v. *Hull*, 2 Dowl. & Ryl. 38 ; *Sargent* v. *Ballard*, 9 Pick. 251.

The declarations of Asa were competent evidence to show the nature of his possession. Being made in view of the land

*Sept. 25th*

and while he was in possession, they were part of the *res gestæ.* *Ricard v. Williams,* 7 Wheat. 59 ; *Deming v. Carrington,* 12 Connect. R. 1.

The instructions in regard to the strips of land by the road and by the river, were erroneous. The tenant's title could not extend beyond the land actually occupied and cultivated by him ; his intention could be of no avail, any further than as it was manifested by acts. *Kennebeck Purchase v. Springer,* 4 Mass. R. 416 ; *Bates v. Norcross,* 14 Pick. 224 ; *Brimmer v. Long Wharf,* 5 Pick. 131 ; *Thomas v. Marshfield,* 13 Pick. 250 ; *Poignard v. Smith,* 8 Pick. 272 ; *Green v. Liter,* 8 Cranch, 250 ; *Ricard v. Williams,* 7 Wheat. 59 ; *Doe v. Lynes,* 3 Barn. & Cressw. 388 ; *Jerritt v. Weare,* 3 Price, 575 ; *Varick v. Jackson,* 2 Wendell, 166.

In regard to the land disclaimed, if the acts of the tenant were not an actual ouster, they at least constitute a disseisin at the demandant's election. *Ricard v. Williams,* 7 Wheat. 59, 107 ; *Poignard v. Smith,* 6 Pick. 172 ; Com. Dig. *Seisin,* F 3.

*I. C. Bates* and *Woodward,* for the tenant. The deed from Henry Tiffany was a quitclaim deed. He does not convey the tract of land, but only his " right, title and interest " in it ; and if he had no right, he conveyed none. *Wade v. Howard,* 11 Pick. 296 ; Shep. Touch. 98 ; *Adams v. Cuddy,* 13 Pick. 463 ; *Hurd v. Cushing,* 7 Pick. 169 ; *Right v Bucknell,* 2 Barn. & Adolph. 278. The covenants cannot enlarge the grant. If no estate passed to which the warranty can attach, it is a void warranty. *Hurd v. Cushing,* 7 Pick. 169 ; *Sumner v. Williams,* 8 Mass. R. 174 ; *Seymor's Case,* 10 Coke, 97 ; Co. Litt. 366, 389 ; Bac. Abr. *Warranty, B ; Mitchell v. Warner,* 5 Connect. R. 517. If the covenant is repugnant to the preceding part of the deed, it is to be rejected. Shep. Touch. 85, 89.

The possession of a tenant in common is possession of the whole land, and if Asa Tiffany was a tenant in common, upon his relinquishment of possession his co-tenant became entitled to the whole land. Stearns on Real Actions, (1st ed.) 40 ; *Codman v. Winslow,* 10 Mass. R. 146.

As the tenant does not derive his title from Asa, the decla

rations of the latter should not have been admitted except with the qualifications stated by the judge at the trial. He is competent to testify and should have been made a witness. *Reading* v. *Weston*, 7 Connect. R. 143.

The intention of the tenant was to occupy the land to the road and to the river, and he cultivated it as far as he conveniently could ; and the instructions on this part of the case were correct. *Boston Mill Corporation* v. *Bulfinch*, 6 Mass. R. 229. *Jackson* v. *Oltz*, 8 Wendell, 440 ; *Jackson* v. *Woodruff*, 1 Cowen, 276 ; *Jackson* v. *Camp*, 1 Cowen, 609.

To enable the demandant to maintain the action in respect to the portion of land disclaimed, he must show a claim of title on the part of the tenant. The acts proved constitute a trespass merely, not a disseisin, actual, or by election. Co. Litt. 181 *a* ; Litt. § 279 ; *Kennebeck Purchase* v. *Call*, 1 Mass. R. 482 ; *Small* v. *Procter*, 15 Mass. R. 498 ; *Bigelow* v. *Jones*, 10 Pick. 161 ; *Jackson* v. *Oltz*, 8 Wendell, 440 ; 2 Preston on Abstracts, 390 ; *Smith* v. *Burtis*, 6 Johns. R. 197 ; *Clarke* v. *Courtney*, 5 Peters, 355 ; *Mitchell* v. *Warner*, 5 Connect. R. 524 ; *Peck* v. *Smith*, 1 Connect. R. 135 ; Jackson on Real Actions, 97 : Revised Stat. *c.* 101, § 7.

WILDE J. delivered the opinion of the Court. The questions which have arisen on the decisions of the presiding judge at the trial, and his instructions to the jury, are first, whether the evidence offered by the demandant was rightly excluded, and that offered by the tenant rightly admitted ; and secondly, whether his instructions to the jury upon the evidence admitted were correct.

The tenant set up a title by disseisin, and to prove that he and those under whom he claimed had had the uninterrupted, exclusive and adverse possession of the premises by him claimed, for more than thirty years, he offered, with other evidence, the deposition of one Henry Tiffany, which was objected to by the demandant's counsel on the ground that the tenant claimed under a deed of warranty from Henry Tiffany. This objection would be well maintained, if a literal construction of the covenant of warranty could be allowed, without reference to the other parts of the deed. But every deed is to be construed according to the intention of the parties as

*Allen v. Holton.*

*Sept. 29th*

manifested by the entire instrument, although it may not comport with the language of a particular part of it. Thus a recital or a preamble in a deed may qualify the generality of the words of a covenant or other parts of a deed. 4 Cruise's Dig. tit. 32, *Deed*, c. 23, § 8. The case of *Moore v. Magrath*, Cowp. 9, is a strong case to show to what extent a court may go in qualifying and even in rejecting a particular clause in a deed, in order to effectuate the intention of the parties. In that case the lands intended to be granted by a deed of settlement were particularly named in the preamble, and were afterwards minutely described in the premises, and then followed a sweeping clause purporting to convey " all other the donor's lands, tenements and hereditaments in Ireland." And the court held, that nothing passed by this sweeping clause ; the court being of opinion, from the words of the preamble, that the donor did not intend to include his paternal estate (which was situate in a different county from those in which the lands intended to be conveyed were situate) and that it was more than probable that the drawer by mistake omitted some words in the sweeping clause.

Whatever may be thought of the intention of the parties in that case, we think the intention as to the extent of the grant in the present case is sufficiently plain. The grantor conveys his own title only, and all the subsequent covenants have reference to the grant, and are qualified and limited by it. That this was the intention of the parties cannot, we think, be reasonably doubted, and the words of the covenants are to be so construed as to effectuate that intention.

As to the declarations of Asa Tiffany, which were offered to be proved on the part of the demandant, we think they are clearly inadmissible, being merely hearsay testimony, the tenant claiming no title under him, nor by virtue of his possession.

In regard to the instructions to the jury, several exceptions have been taken.

It was proved that Asa Tiffany, before and until 1817, had an occupation and possession of the land, either as sole tenant, or tenant in common with Edward L. Tiffany & Henry Tiffany, from whom the tenant derives title ; and on this evidence the jury were instructed, that if Asa Tiffany had the sole pos-

session and occupation of the land, it would be an interruption of the possession under which the tenant claimed ; otherwise if he held in common with Edward L. & Henry. We are of opinion that this direction to the jury was founded on a sound distinction. Where different persons enter upon land in succession, the last possessor cannot tack the possessions of his predecessors to his own, so as to make out a continuity of possession, so as to bar the right of the owner, without conveyances from them. *Potts* v. *Gilbert*, 3 Wash. C. C. R. 479.

But in the present case the possession of Edward L. & Henry Tiffany was a continued possession, although for a part of the time they held in common with Asa. When he abandoned the possession, his right, if he had any, was extinguished. We understand he has had no possession of, nor has made any claim to the premises, since 1817, which is good presumptive proof of an abandonment.

Another exception to the instructions to the jury relates to the extent of the tenant's possession, and that of those under whom he claims. The land claimed by the tenant was bounded on the one side by the Connecticut River, and on the other side by an old road, and was improved and cultivated by the tenant, and those under whom he claims, except a narrow strip by the river and by the road. On this evidence the jury were instructed, that when land was inclosed by a fence or river or road, and there was an occupation of the land extending as near to the river, fence or road, as was convenient, having reference to the nature and situation of the land, it might, if such was the intention of the occupant, be a legal possession of the whole lot, although there might be a narrow strip by the fence, river, or road, not actually cultivated.

We have had some doubt whether this direction to the jury were strictly correct ; but on reflection we are of opinion that it is not liable to any reasonable exception.

To constitute a disseisin there must be a *pedis possessio*, an actual occupancy, or substantial enclosure. When therefore a disseisor claims to be seised by his entry and occupation merely, his seisin cannot extend farther than his actual exclusive occupation. *Proprietors of Kennebeck Purchase* v. *Springer*, 4 Mass. R. 418 ; *Bates* v. *Norcross*, 14 Pick. 228.

The possession of the occupant must be such as to designate its extent, so that the owner may have notice of what he has been disseised ; otherwise his title may be barred by lapse of time before he has had notice of the extent of the disseisin. This is a very just and reasonable rule of law and ought not to be infringed. But we think it would be too strict to require, when a field is cleared and cultivated, that every foot of the land should be actually cultivated. There may be a strip or patch of land in the field, here and there, which could not be cultivated to any advantage. There may be rocks in it, and in lands newly cleared there may be stumps, and other obstructions to cultivation, and yet if the occupant cultivates the land so far as circumstances may allow, he must certainly be considered as having the exclusive possession of the whole field. If therefore a lot is bounded on a river and the occupant cultivates it as near the margin of the river as he conveniently can, he must be deemed to be in possession down to the stream. A different rule would be of little benefit to the disseisee, and would be very vexatious to the occupant.

The remaining exception to the instructions of the Court, is, as it appears to us, well founded.

There was a small piece of land disclaimed by the tenant, which adjoined the part claimed, in a corner between the road and the river ; and there was evidence tending to show that a fence was made from the road to the river for the purpose of protecting the crop on the tenant's land ; so that in fact this piece was inclosed by the fence with the land of the tenant. This fence was erected by persons in the employment of the tenant ; and there was evidence tending to show that the tenant, and those in his employment, had cut a tree and some brush upon this piece. Thereupon the jury was instructed, that the cutting of a tree or a little brush and erecting a fence on the land disclaimed, unless there was an intention to occupy, or claim it, or exclude the owner from it, would not support the issue in this respect on the part of the demandant. The jury should have been instructed, that upon the facts proved, the demandant had a right to elect to consider himself disseised for the sake of his remedy, although no actual disseisin was proved. Almost every injury which can be done to real estate

may entitle a party to recover in a writ of entry, if he will admit himself to be disseised.   2 Wendell, 177.   To a plea of disclaimer or non-tenure it is a sufficient reply, that the tenant was at the commencement of the action in the possession of the premises disclaimed.   If the law were not so, a party could not commence an action to recover his lands in the possession of another, without exposing himself to the liability to pay costs, if the tenant should disclaim, unless there had been an actual disseisin.   In the present case the tenant was clearly in possession of the part of the premises disclaimed, and whether he intended to hold it adversely to the demandant's claim, or merely for his own convenience, the demandant could not determine, nor is it material.

For this reason a new trial must be granted, unless the tenant will consent to have the verdict altered so as to entitle the demandant to his costs.

*New trial, nisi.*